Hossain-Chowdhury v. Garland

BIA
Hom, IJ
A206 364 706

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-three.

PRESENT:
  MICHAEL H. PARK,
  ALISON J. NATHAN,
  MARIA ARAÚJO KAHN,
      *Circuit Judges.*

_____

MIR HOSSAIN-CHOWDHURY,
      *Petitioner*,

  v.                                        21-6218
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent*.

_____

**FOR PETITIONER:**     Thomas V. Massucci, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mir Hossain-Chowdhury, a native and citizen of Bangladesh, seeks review of a March 12, 2021 decision of the BIA affirming a June 25, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mir Hossain-Chowdhury*, No. A206 364 706 (B.I.A. Mar. 12, 2021), *aff'g* No. A206 364 706 (Immigr. Ct. N.Y.C. June 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's finding of an inconsistency regarding when Hossain-Chowdhury arrived at a medical facility. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial

evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Hossain-Chowdhury alleged

3

that members of the Awami League attacked and threatened to kill him on account of his support for the Bangladesh Nationalist Party ("BNP"). Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies in Hossain-Chowdhury's statements and supporting documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hossain-Chowdhury's testimony that he became a BNP member in 1990 or 1991 was inconsistent with his application statement and supporting documents, which reflect that he became a member in 2000. The IJ was not required to accept Hossain-Chowdhury's explanations that 2000 was the year that he was attacked, that he was not educated, and that he made a mistake, because a lack of education does not explain why he gave different years for events in his own life, and his statement indicating that he meant he was attacked in 2000 is itself inconsistent with his claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)). Further, Hossain-Chowdhury's explanation that the inconsistency is trivial because the persecution occurred twelve years after he joined the BNP is unavailing because "an IJ may rely on *any*

4

inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original).

The IJ also did not err in relying on an inconsistency regarding Hossain-Chowdhury's position in the BNP. His application statement described his role as a "general member," but he testified at the hearing that he "used to work as a general secretary for the BNP." Certified Administrative Record at 126, 562. The agency was not compelled to accept his explanation that he forgot he was a general secretary, particularly as his supporting documents do not corroborate his claim that he was a general secretary. *See Majidi*, 430 F.3d at 80. Hossain-Chowdhury's reliance on *Hong Fei Gao* is misplaced. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions," there is a contradiction here because Hossain-Chowdhury's application stated he was a "general member"; moreover, having an official role in the BNP is something an applicant "would reasonably have been expected to disclose" because it would have strengthened his claim of party involvement. *Hong Fei Gao*, 891 F.3d at 78–79.

Despite conceding that he waived review of the agency's competency determination, Hossain-Chowdhury nevertheless argues that the agency failed to consider his "compromised mental state" in finding him not credible. Petr's Br. at 31. However, the IJ addressed the medical evidence in reaching the competency finding, noted Hossain-Chowdhury's demeanor, and identified evidence that he understood the proceedings. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

The agency also reasonably relied on a lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in requiring corroboration because Hossain-Chowdhury's credibility was in question, and the agency did not err in declining to give weight to affidavits from parties unavailable for cross-examination, particularly Hossain-Chowdhury's mother's affidavit because she was also an interested party. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters

from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

In sum, substantial evidence supports the adverse credibility determination given Hossain-Chowdhury's inconsistent statements and the lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court